UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SERAFIN ALVAREZ MORA,

       Petitioner,

   v.

WARDEN OF KROME SPC, IN
HIS/HER OFFICIAL CAPACITY;
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),

       Respondents,

Case No. 2:26-cv-00883-KCD-DNF

## **ORDER**

Petitioner Serafin Alvarez Mora has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 11.) For the reasons below, the petition is **DENIED**.

Mora entered the United States in 2003 and was released on parole. After securing numerous criminal convictions, he was ordered removed on October 6, 2009. (Doc. 9-1 at 2-5.) It's not entirely clear how, but Mora was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

released back into the United States following the removal order. Then, on January 23, 2026, ICE encountered Mora in Miami and detained him. (*Id.*) He has been in immigration custody ever since.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Mora cannot satisfy the initial temporal requirement. ICE took him into custody on January 23, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Although Mora has a prior period of immigration detention (*see* Doc. 11 at 4), the Court declines to aggregate that confinement or apply it here. *See Oro v. Miami Field Off. Dir., Immigr. &*

3

*Customs Enf't & Removal Operations*, No. 2:26-CV-329-KCD-NPM, 2026 WL 706623, at \*2 (M.D. Fla. Mar. 13, 2026). Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at \*8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at \*12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at \*4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Mora's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.[2]

**ORDERED** in Fort Myers, Florida on May 20, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Government's brief also addresses a procedural due process claim. (Doc. 11 at 1.) But as best the Court can discern, that issue is not substantively argued in the habeas petition. Accordingly, it is not discussed here.